IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTION BOYD,

    Plaintiff,

v.                         Civil Action No. 3:12CV411

SHANTE BECK,

    Defendant.

## MEMORANDUM OPINION

Antion Boyd, a Virginia inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

## I.  BACKGROUND

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A.  The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'"  Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. (citation omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556).   In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).   Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Antion Boyd, an inmate previously housed at the Lawrenceville Correctional Center, alleges the following:[2]

On 3·29·12, I was placed in investigative segregation by investigator S. Beck for possible contraband.   On 4-17-12, the investigation was completed in which I was put under administrative segregation pending transfer. On 4·27·12, I was given a ICA notice stating that per Investigator Beck I pose a threat to the orderly operation of the institution.   Now her reports go to the administration or Warden's office in which it has been stated that I was involved in illegal activities.   Upon this information, I sent an administrative notice to Investigator Beck and her superiors stating exactly why their investigation was meritless, in which Beck never responded or refute my claims.

---

[2] The Court corrects the capitalization and punctuation in quotations from Boyd's submissions.

Now these statement[s], make me a subject of future law enforcement because these statements will be put into my record. By the instant investigation & subsequent transfer, I will be a target on my next facility assignment in which I will be harassed. This is cruel and unusual punishment in violation of the 8th Amendment. [3]

There is no proof, evidence, or intelligence to corroborate these claims made on me. If so there would be charges on me or pending. I have been deprived of rights because segregation is a form of punishment in which privileges are taken or limited from me in violation of 42 U.S.C. 1985(3). I have been in this constant state of housing for over 60 days.

(Compl. 4-5 (as paginated by the Court's CM/ECF docketing system).)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). To state out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" Strickler

---

3 "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993)
(quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).
"In order to demonstrate such an extreme deprivation,
a prisoner must allege 'a serious or significant
physical or emotional injury resulting from the
challenged conditions.'" De'Lonta v. Angelone, 330
F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989
F.2d at 1381).  Boyd supplies no factual allegations
suggesting the conditions of confinement deprived him
of any basic human need or resulted in a physical or
emotional injury, much less a significant injury.  See
In re Long Term Admin. Segregation of Inmates
Designated as Five Percenters, 174 F.3d 464, 471-72
(4th Cir. 1999).  Accordingly, it is RECOMMENDED that
Boyd's Eighth Amendment claim be DISMISSED.

Boyd also mentions 42 U.S.C. § 1985(3).[4]  In order
to state a claim under that statute, a complaint must
allege facts that support the following elements:

---

[4] That statute provides, in pertinent part:

If two or more persons in any State or
Territory conspire or go in disguise on the
highway or on the premises of another, for
the purpose of depriving, either directly or
indirectly, any person or class of persons
of the equal protection of the laws, or of
equal privileges and immunities under the
laws; or for the purpose of preventing or
hindering the constituted authorities of any
State or Territory from giving or securing
to all persons within such State or
Territory the equal protection of the laws;
or if two or more persons conspire to
prevent by force, intimidation, or threat,
any citizen who is lawfully entitled to
vote, from giving his support or advocacy in
a legal manner, toward or in favor of the
election of any lawfully qualified person as
an elector for President or Vice President,
or as a Member of Congress of the United
States; or to injure any citizen in person
or property on account of such support or
advocacy; in any case of conspiracy set
forth in this section, if one or more
persons engaged therein do, or cause to be
done, any act in furtherance of the object

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985) (citations omitted). Boyd fails to allege any facts suggesting a conspiracy of two or more persons motivated by a specific class-based, invidiously discriminatory animus to deprive Boyd of the equal enjoyment of rights secured by the law to all. Id. (citations omitted). Accordingly, it is RECOMMENDED that any claim under 42 U.S.C. § 1985(3) and the action be DISMISSED.

(Report and Recommendation entered Dec. 4, 2013 (first through fourth alterations in original).) The Court advised Boyd that he could file objections or an amended complaint. Boyd has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

> of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

## III.  CONCLUSION

Upon review of the Report and Recommendation, the Report and Recommendation will be accepted and adopted. Boyd's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Boyd.

/s/   REP

Robert E. Payne
Senior United States District Judge

Date: April 10, 2014
Richmond, Virginia